<hr />

## G. KENDALL *v.* WM. H. BROWN.

Defenndant may appear by counsel, or otherwise, to obtain the release of property attached, for any irregularities in issuing the attachment, or because the property was not liable to attachment, and, if released for such causes, the defendant would no longer be in court, by his property, or person.

But, when a defendant in attachment appears by an agent, and bonds the property attached, the agent will be considered as representing his principal, so as to bind him to comply with the conditions of the bond, the essential condition of which is to defend the suit, or abide by the judgment that may be rendered. And it is not necessary, in such cases, to appoint an attorney to represent the absent defendant.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge,* J. *Hoffman* and *Ogden,* for plaintiff. *J.* and *J. Henderson,* for defendant and appellant. By the court:

ROST, J. The defendant is sued, as drawer of a promissory note. Being a non-resident, an attachment was duly issued. A lot, and a quantity of lumber,

was attached. The copies of citation, and writs of attachment, were posted at the church and courthouse doors, as required by law.

*Mandell* appeared as the agent of the defendant, and released the property from the attachment on giving bond and security, conditioned that the defendant would satisfy such judgment as might be rendered against him.

An attorney appeared on behalf of the defendant, and applied to set aside the attachment, on the ground, that the surety on the bond was insolvent, and a non-resident.

After hearing the counsel and evidence, the application was dismissed, the plaintiff having justified the sufficiency of the security.

It is true, that for irregularities in issuing the attachment, or, if the defendant's property was not liable to be attached, he might by counsel or otherwise, appear to release it; and, if released for such causes, he would be no longer in court, by his property, or personally.

But, in this case, the defendant, through an agent, had his property released, by giving bond, conditioned expressly, to satisfy any judgment that might be rendered against him in the case. He therefore substituted his bond for the property, and appeared, by an agent, in court, to take steps in the suit. The appearance by an agent, to release the property by bond, bound him to defend the suit, if he had a defence, or to satisfy any judgment that might be rendered.

The plaintiff then served a citation on *Mandell*, as agent of the defendant, took a judgment by default, and had it confirmed. The defendant has appealed.

His counsel contends, that if the suit be an ordinary suit, no citation was served upon the defendant, and, therefore, that the judgment rendered against him is illegal and void.

And second, that, as an attachment suit, the judgment is invalid, because the defendant was not legally brought into, and represented in court.

The suit was not an ordinary, but an attachment suit; and, therefore, it is necessary to examine only the last ground offered for a reversal of the judgment.

The attachment having been regularly levied, and property of the defendant taken into the possession of the sheriff, it represented the defendant in court.

An appearance to bond the property must be construed as an appearance with power to comply with the conditions of the bond ; the essential of which were to defend the suit, or abide by any judgment that might be rendered in the case. It was then his interest and duty to defend his own suit. It was not the business of the court, to appoint an attorney to represent him, since he had appeared and bound himself to defend his own suit, or to pay such judgment as might be rendered against him. This is the necessary inference from art. 259 of the code, and the court could not exercise the authority, given by art. 260, to appoint an attorney to represent him, when he had appeared by his agent to bond personally, and, therefore, to defend the suit personally.

The judgment is affirmed, with costs.

Re-hearing refused.